**20TH & MAIN REDEVELOPMENT PARTNERSHIP, et al., Plaintiffs–Respondents,**

v.

**John E. KELLEY, et al., Defendants–Appellants.**

**No. 71050.**

Supreme Court of Missouri, En Banc.

Aug. 1, 1989.

**140**

Bill Gnefkow, John B. Williams, Joseph H. Monteil, Office of the County Counselor, Kansas City, for defendants-appellants.

William Ray Price, Jr., Cynthia Weber Scherb, Kansas City, for plaintiffs-respondents.

WELLIVER, Judge.

Appellant tax collectors seek review of the trial court's judgment that respondents, who are rehabilitating property under the Land Clearance for Redevelopment Authority Law, §§ 99.300–99.715[1], (LCRA), are entitled to have the property valued and assessed based upon the pre-rehabilitation value of the property, and not based upon partially or completed rehabilitation value

of the property. The trial court found that regardless of when the formal certificate of eligibility for tax abatement is issued by the LCRA, appellant collectors should value the property for tax abatement purposes based upon the pre-rehabilitation value of the property. Exclusive jurisdiction is in this Court because construction of a revenue law is involved. Mo. Const. art V, § 3. We affirm the trial court.

### I.

The case was tried on stipulated facts and involves construction of §§ 99.700–99.715. Respondent is a general partnership, which owns a piece of property located at 2000–2012 Main, Kansas City, Jackson County, Missouri. The general business of the partnership is to "acquire, rehabilitate, operate, lease, manage and sell or otherwise dispose" of this property.

John E. Kelley is the Assessor for Jackson County; Mike Pendergast is the Director of Collections for Jackson County; and Gary Panethiere is the Manager of Finance for Jackson County. All are jointly and collectively responsible for the duties and functions of the office of "County Collector", which office does not exist in Jackson County, Missouri.

Respondents purchased the property in August, 1985, with the intention of rehabilitating the property and receiving tax abatement pursuant to §§ 99.700–99.710. Between August 1985, and January 1986, respondents had completed about 90% of the rehabilitation work. The total rehabilitation cost was $600,510.00.

In July 1986, respondents received a certificate from the Land Clearance for Redevelopment Authority of Kansas City, Missouri. (LCRA). The certificate evidenced LCRA's finding that respondents were eligible for tax abatement pursuant to §§ 99.-700–99.710. Respondents delivered the certificate to the Office of City Assessor and to the Jackson County Assessment Division, and requested the Assessor to issue a statement for tax abatement purposes that the property would be assessed at its pre-rehabilitation value. On January 1, 1985,

---

**1.** All references are to RSMo, 1986, unless otherwise noted.

before any rehabilitation had been started, the property had been assessed at $46,080. The taxes due on this assessed value would be $2,186.48. On January 1, 1986, when approximately 90% of the rehabilitation work was complete, the property was assessed at $251,940. The taxes due on this assessed value are $12,551.64.

The Assessor refused to issue the statement which would place the assessed valuation at $46,080. Respondents paid the $12,551.64 under protest, and timely filed suit to recover what they alleged was an overpayment of taxes. Following the trial court's judgment in favor of respondents, this appeal followed.

## II.

The Land Clearance for Redevelopment Authority Law, §§ 99.300–99.715, is aimed at rehabilitating deteriorating municipal areas in concert with private enterprise. § 99.310. Private enterprise is given assistance and encouragement through the LCRA by being granted tax abatement on those properties which qualify under the act. § 99.700. The act is to be construed liberally to effectuate the purposes found in the act, § 99.650, and the powers conferred by the law are in addition to those conferred by other law. § 99.660. In constitutional charter cities, the Assessor is charged with issuing the statement of the assessed valuation of the rehabilitated property, and that assessed rate will remain the same for a period of ten years. § 99.710.

The troublesome section of the statute is § 99.705, which provides:

Within thirty days of receiving the certificate, the applicant shall notify the city or county assessor, as the case may be, who shall, as soon as possible, issue a statement as to the current assessed valuation of the then existing real property covered by the plans. The authority shall issue a copy of the plans to the Assessor

On its face, the statute creates an ambiguity between "current assessed valuation" and the "assessed valuation of the

then existing real property covered by the plans". (Emphasis added.)

Appellants would have us treat the word "current" as though it stood alone. This we do not believe we can do. The LCRA provides for the rehabilitation of blighted municipal areas, and as an inducement for the rehabilitation the LCRA offers tax abatement for those projects that qualify. The LCRA is to be construed liberally to effectuate its purpose, § 99.650. To adopt appellant's argument, however, would force us to interpret § 99.705 in such a way as to bring it in conflict with the broad policy and the broad construction provisions contained in the act. In interpreting statutes, we must both strive to implement the policy of the legislature, and also harmonize all provisions of the statute. *Collins v. Director of Revenue,* 691 S.W.2d 246, 251 (Mo. banc 1985).

"The current assessed valuation of the then existing real property" does not refer to the valuation of the property when the certificate is presented to the Assessor, as appellants would have us believe. An interpretation along these lines would render the remaining wording of the statute void of meaning, and would be counter to the intent of the legislature. The primary purpose of statutory construction is to determine the intent of the legislature and implement that intent. *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). The goal of the LCRA is to offer tax abatement in return for rehabilitation of blighted areas. While the law makes no specific requirement for filing of the tax abatement certificate, there is no question that it would be better practice to get the certificate of abatement before commencing rehabilitation of the property.

We hold that § 99.705 provides that the valuation of the property *before* rehabilitation begins is the applicable number which is to be used in determining tax relief. Respondents qualified for and were entitled to tax abatement as provided by § 99.705 based upon the assessed valuation of $46,080, and are therefore entitled to a

refund of the overpayment of the protested taxes.

The judgment of the trial court is affirmed, and the case is remanded for further proceedings and rebate of overpaid taxes consistent with this opinion.

All concur.