The Honorable Harold L. Caskey Senator, District 31 State Capitol Building, Room 320 Jefferson City, MO 65101
Dear Senator Caskey:
This opinion is in response to your question asking:
 May a county commission of a township county of the third classification adopt ordinances or orders that require the recycling of certain solid wastes in unincorporated areas of the county or in cities, towns or villages with a population of fewer than five hundred persons?
Subsection 2 of Section 260.215, RSMo Supp. 1992, provides:
 2. Any city or county may adopt ordinances or orders, rules, regulations, or standards for the storage, collection, transportation, processing or disposal of solid wastes which shall be in conformity with the rules and regulations adopted by the department for solid waste management systems. Nothing in sections 260.200 to 260.245 shall usurp the legal right of a city or county from adopting and enforcing local ordinances, rules, regulations, or standards for the storage, collection, transportation, processing, or disposal of solid wastes equal to or more stringent than the rules or regulations adopted by the department pursuant to sections 260.200 to 260.245. Any county or city which adopts orders or ordinances for the management of solid waste shall ensure that such orders or ordinances provide for safe and adequate management of solid waste pursuant to an approved plan under section 260.220 and are not substantially inconsistent with the requirements of sections 260.200 and 260.245 and the rules and regulations promulgated pursuant thereto. [Emphasis added.]
Section 260.200(23), as enacted by House Committee Substitute for Senate Committee Substitute for Senate Bills Nos. 80, 100, 140 17, 87th General Assembly, First Regular Session (1993), defines "recycling" for purposes of Sections 260.200 to 260.345, RSMo, as: "the separation and reuse of materials which might otherwise be disposed of as solid waste." "Processing" is not defined in Section 260.200 for purposes of Sections260.200 to 260.345; however, Webster's Third New International Dictionary defines "process" as including "a succession of related changes by which one thing gradually becomes something else" and "a particular method or system of doing something, producing something, or accomplishing a specific result." When a court interprets statutory language, it must ascertain the intent of the legislature and, in doing so, it considers the plain and ordinary meaning of terms. Morton v. Brenner, 842 S.W.2d 538, 541
(Mo.banc 1992). Based on the meaning of the terms "recycling" and "processing", "recycling" of solid wastes is one method of "processing" solid wastes. Therefore, a city or county authorized to adopt ordinances or orders, rules, regulations, or standards for the "processing" of solid wastes is authorized to adopt ordinances or orders, rules, regulations, or standards for the "recycling" of solid wastes.
Furthermore, in interpreting statutes, courts strive to implement the policy of the legislature, and also harmonize all provisions of the statute.20th Main Redevelopment Partnership v. Kelley, 774 S.W.2d 139, 141
(Mo.banc 1989). The purpose and object of the statute must always be considered and the court must presume the legislature intended a logical result. Larabee v. Washington, 793 S.W.2d 357, 361 (Mo.App. 1990). When a court construes a statute, it does so in light of the purposes the legislature intended to accomplish and the evils it intended to cure.Brown v. Melahn, 824 S.W.2d 930, 933 (Mo.App. 1992). Sections260.200 to 260.345 indicate a legislature policy to favor recycling. For example, Section 260.225.2(1), RSMo Supp. 1992, provides the model solid waste management plan prepared by the Department of Natural Resources (hereinafter the "Department") shall emphasize waste reduction and recycling. Section 260.225.8(5) provides for the Department, in coordination with other appropriate state agencies, to initiate recycling programs within state government. Section 260.310.5, RSMo Supp. 1992, authorizes any county within a solid waste management district, in cooperation with the district, to require solid waste transported from outside the district to a solid waste processing facility or solid waste disposal area within the district to be subject to the same requirements as solid waste originating within the district including the separation of recyclable materials. Section 260.325.4(3), RSMo Supp. 1992, provides for the solid waste management plan submitted by a solid waste management district to the Department to delineate provisions for the collection of recyclable materials or collection points for recyclable materials. Section260.325.4(13) further requires the plan identify methods by which rural households that are not served by a regular solid waste collection service may participate in recycling. Section 260.335.2(3), as enacted by Senate Bills Nos. 80, 100, 140 17, makes available funds to provide incentives to operators of solid waste management areas to remove recyclable items from solid wastes, and Section 260.335.3 provides the criteria for allocating funds shall establish a priority for proposals which provide methods of recycling. Section 260.344.2(2), as enacted by Senate Bills Nos. 80, 100, 140 17, provides the report prepared by the Source Reduction Advisory Board shall contain recommendations for a program to maximize the recycling and reuse of packaging materials. Based on the statutory provisions above, among others, a legislative policy favoring recycling appears apparent.
Consistent with the thoughts expressed above is Missouri Attorney General Opinion Letter No. 189, Ashford, 1977, a copy of which is enclosed. In that opinion letter this office concluded a city or county may, pursuant to the police powers granted to it by Section 260.215, RSMo Supp. 1975, require that all solid wastes, or certain categories thereof, generated within the jurisdiction of the city or county be disposed of at approved solid waste recovery facilities, rather than be buried at landfills.
Based on the plain and ordinary meaning of the terms and the apparent legislative policy favoring recycling, we conclude that a city or county authorized by subsection 2 of Section 260.215 to adopt ordinances or orders, rules, regulations, or standards for the storage, collection, transportation, processing or disposal of solid wastes is authorized to adopt ordinances or orders that require the recycling of certain solid wastes. It has been the long-standing policy of this office not to opine on the validity of an ordinance or order enacted by a local government. Therefore, we do not opine on the validity of a specific ordinance or order that may be enacted by a particular city or county.
CONCLUSION
It is the opinion of this office that a city or county authorized by subsection 2 of Section 260.215, RSMo Supp. 1992, to adopt ordinances or orders, rules, regulations, or standards for the storage, collection, transportation, processing or disposal of solid wastes is authorized to adopt ordinances or orders that require the recycling of certain solid wastes.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure: Opinion Letter No. 189, Ashford, 1977