David STELLWAGEN,
Plaintiff–Respondent,

v.

Barbara GATES, Defendant–Appellant.

No. 16363.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 9, 1989.

Mark L. McQueary, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for defendant-appellant.

John Cowherd, Stemmons & Stemmons, Mt. Vernon, for plaintiff-respondent.

JOHN C. HOLSTEIN, Special Judge.

Defendant Barbara Gates appeals from a judgment awarding damages to plaintiff David Stellwagen due to injuries sustained by plaintiff when struck by a vehicle being operated by defendant.

The petition was filed in the "Associate Division of the Circuit Court of Lawrence County." The case was tried before the associate circuit judge without a jury on July 17, 1987. At the conclusion of the trial, the case was taken "under advisement." On January 22, 1988, more than six months after trial, the associate circuit judge made an entry on the docket sheet awarding plaintiff $4,500 in damages and finding defendant 100% at fault. A typewritten judgment reflecting the docket entry was entered on January 27, 1988. Defendant's motion to set aside the judgment and for new trial was overruled. An appeal following that judgment was dismissed on the ground that the judgment was void because of the delay between the trial and the judgment entry. The cause was remanded with directions. *Stellwagen v. Gates*, 758 S.W.2d 195 (Mo.App.1988).

Pursuant to the order of remand, a new judgment was entered on April 14, 1989. Attached to that judgment were findings of fact and conclusions of law which were filed in response to a request by defendant. The new judgment, as the original, found defendant to be 100% at fault and assessed plaintiff's damages at $4,500.

■ Defendant appeals claiming the court's assessment of fault and damages are against the weight of the evidence. Appellate review of a court-tried action is circumscribed by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). To conclude that a judgment in a court-tried case is against the weight

of the evidence, we must entertain a firm belief that the judgment is wrong. *Id.* An appellate court is bound to give due deference to the trial court's resolution of conflicting evidence and give due regard to the opportunity of the trier of fact to have adjudged the credibility of witnesses. *Citizens State Bank v. Friendly Ford, Inc.,* 686 S.W.2d 565, 567 (Mo.App.1985). In a court-tried action, the judgment is presumed to be correct. *St. Louis County v. Oakville Dev. Co.,* 676 S.W.2d 919, 921 (Mo.App.1984). The reviewing court accepts as true the evidence and permissible inferences which may be drawn favorable to the prevailing party, and disregards contradictory testimony. *Nail Boutique, Inc. v. Church,* 758 S.W.2d 206, 208 (Mo.App. 1988). The evidence is discussed with the above principles in mind.

Plaintiff, a 77–year old semi-retired farmer, resides in Lawrence County. His home is located on the north side of Highway CC approximately two miles east of the intersection at Highway 39. Highway CC is a two-lane, blacktop highway, 21 feet wide, which runs in an east and west direction. Plaintiff's mailbox is located on the south side of Highway CC across from his home. The post of the mailbox is three feet south of the paved portion of the highway. The highway is straight with no obstructions from the mailbox to the west for approximately one-half mile with a slight upgrade toward the east.

On March 7, 1987, between 11:00 and 11:30 a.m. on a dry, sunny day, plaintiff was standing on the east side of his mailbox facing the west, that is facing oncoming eastbound traffic, while retrieving his mail. He was struck by the right front fender of an eastbound automobile operated by defendant. According to defendant, she initially saw plaintiff "halfway across" the highway going to his mailbox as she drove toward the scene of the incident. She was traveling 30 to 40 miles per hour at the time. There was conflicting testimony as to the location of plaintiff at the time of impact. Defendant testified that upon seeing the plaintiff she slowed her vehicle and pulled over toward the centerline to allow more room for passing. Defendant

also testified that plaintiff stepped backward and made a turn into the road causing the vehicle to strike plaintiff. According to plaintiff, his body was located approximately 24 inches south of the paved edge of the highway, and no part of his body extended over or protruded onto the paved portion of the road at the time of impact. Plaintiff further stated that he did not see the defendant's automobile before he was struck. The automobile struck plaintiff in the upper portion of his right leg, below his hip. The impact threw him seven to eight feet into a three-foot ditch located on the south side of the mailbox. Plaintiff came to rest lying on his back with his legs pointing to the west and his head to the east. There was evidence that defendant did not sound a warning, apply her brakes, or swerve before impact.

Defendant stopped her automobile about 20 feet east of plaintiff on the paved portion of the highway and exited her car to inquire as to whether plaintiff was injured. Upon satisfying herself that plaintiff was not seriously injured, she drove off without giving her name and address or other identifying information. The plaintiff took note of defendant's license plate number as the car drove away and later contacted law enforcement authorities.

Plaintiff suffered severe bruising on the inside of his right leg from his groin downward to the knee and a second bruise, approximately three inches in diameter, on the outside of his right leg. Plaintiff's leg became swollen and black and blue, although x-rays detected no fractures. For approximately four weeks following the accident, plaintiff was unable to do any work because of the pain, swelling, and limitation of motion in his right leg and hip. Plaintiff was treated with ice packs, Tylenol, and "relaxing pills" at bedtime. He continues to suffer pain when he turns his hip in "a certain way." The condition seems to persist as a "daily affair," but at the time of trial it had stabilized. The medical bills introduced into evidence by the plaintiff totalled $141.90. Plaintiff sought damages of $7,500 against defendant for the injuries sustained. Based on

that evidence, the trial court found "the issues for the Plaintiff and against the Defendant, and assess Plaintiff's damages at the sum of $4,500 and finds Defendant 100% at fault."

■ Defendant argues that the evidence adduced by plaintiff on his claim for damages was palpably insufficient to support the figure awarded by the trial court. In support of that contention, defendant asserts that because plaintiff (1) presented no expert testimony as to his injuries, prognosis or permanency of injuries; (2) sustained no cuts, abrasions, broken bones, or pulled ligaments; (3) did not require the use of crutches or other similar devices; (4) did not need continuing medical attention; (5) did not require any special assistance in his day-to-day care; and (6) only sustained severe bruising to his right leg, that his injuries did not warrant the amount awarded by the court. The argument ignores or minimizes the fact that plaintiff presented substantial evidence that he sustained medical expense, temporary disability, and pain and suffering.

No precise formula exists for calculating whether the award of personal injury damages is excessive; each case is to be considered on its own particular facts. *Kenton v. Hyatt Hotels Corp.*, 693 S.W.2d 83, 98 (Mo. banc 1985). The ultimate test in determining whether an award is excessive is whether it fairly and reasonably compensates the plaintiff for injuries. *Id.* In making this determination, the court must consider the nature and extent of the injuries, diminished earning capacity, the changing economic factors, plaintiff's age, and the amount awarded and approved in cases of comparable injuries. *Id.* A trial court's finding as to damages is entitled to great weight and will not be disturbed on appeal unless it is shown that the award was clearly wrong, the damages could not have been reasonably determined, or that the damages were excessive. *Missouri Farmers Ass'n v. Killion*, 708 S.W.2d 801, 803 (Mo.App.1986).

The evidence presented to the trial court clearly demonstrated that a 77-year old man was unexpectedly struck by a moving automobile with such force as to throw him seven to eight feet into a ditch along the side of the road. Furthermore, the injury sustained prohibited plaintiff from performing any household or farm chores for four weeks due to the pain, swelling, and limited motion of his right leg. By the time of trial, plaintiff continued to suffer occasional pain in his right hip.

The main thrust of defendant's argument relies on three similar cases of comparable injuries which, it is argued, demonstrate that the $4,500 judgment was excessive. *Sykes v. Bi–State Dev. Agency*, 716 S.W.2d 856 (Mo.App.1986); *Clark v. Kansas City Area Transp. Auth.*, 673 S.W.2d 55 (Mo.App.1984); *Terry v. Houk*, 639 S.W.2d 897 (Mo.App.1982). Plaintiff adds to that list *Apperson v. Bi–State Dev. Agency*, 685 S.W.2d 594 (Mo.App.1985). *See also Montana v. Nenert*, 226 S.W.2d 394 (Mo.App. 1950). If a single principle can be gleaned from those cases, which we doubt, it is the tendency to approve wide ranging awards of damages in factually similar cases.

Also, defendant's argument is flawed in that the amount of the award in cases of comparable injuries is only one factor in reviewing the excessiveness of damage awards. *Fowler v. Park Corp.*, 673 S.W.2d 749, 758 (Mo. banc 1984). Taking into account the evidence presented, and considering all the factors to determine whether the damage award is excessive, we hold that the trial court's award of $4,500 was within the reasonable range of damages to compensate plaintiff for injuries sustained, and there was substantial evidence to support the judgment.

■ Defendant also contends the trial court's determination that defendant was 100% at fault was against the weight of the evidence. According to plaintiff's version of the incident, he was standing upright approximately 24 inches south of the paved edge of the highway with no part of his body extending over or protruding onto the paved portion of the road. Defendant contradicted that testimony by claiming plaintiff stepped backward into the road causing her to "bump" him with her automobile. According to the findings of fact and judg-

**354**

ment, the trial court believed the plaintiff's version of the incident and resolved the conflicting evidence in favor of plaintiff in reaching the result that defendant was 100% at fault. As trier of fact, the trial judge was entitled to believe all, part, or none of the testimony of any witness. *In re Adoption of W.B.L.*, 681 S.W.2d 452, 455 (Mo. banc 1984). Accordingly, the judgment is affirmed.

CROW, P.J., and GREENE, J., concur.