**Ruth LARABEE, Respondent,**

v.

**Delorea C. WASHINGTON, Appellant.**

**No. WD 42050.**

Missouri Court of Appeals,
Western District.

May 1, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 1990.

Application to Transfer Denied
Sept. 11, 1990.

Robert S. Gardner, Gardner, Gardner, & Gardner, Sedalia, and Michael E. Waldeck, William J. DeBauche and Kristin L. Altice, Niewald, Waldeck, Norris & Brown, Kansas City, for appellant.

J. Kirk Rahm, Rahm, Rahm, Koenig & Courtwright, Warrensburg, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

CLARK, Judge.

Ruth Larabee, respondent, sued Delorea Washington for injuries sustained in an automobile accident which occurred February 19, 1988. A jury returned a verdict in favor of respondent and awarded her $100,000 in damages. Washington appeals contending there was error in the damage instruction, that the amount allowed as damages was excessive and that prejudgment interest was erroneously granted. We find the claims of trial error to be without merit and affirm the judgment.

The facts of the accident are not material to the points on appeal. It suffices to say that respondent sustained injuries to her knee, back, neck and shoulder when the automobile in which she was a passenger was struck on the right hand side by the vehicle appellant was driving. Liability of appellant on account of the accident is not an issue on this appeal.

▮ The first point raised by appellant concerns the plaintiff's damages instruction which read as follows:

> If you find in favor of the plaintiff, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe she sustained and is reasonably certain to sustain in the future as a direct result of the occurrence mentioned in the evidence.

The instruction as given was patterned after MAI 4.01. Appellant, relying on Notes On Use 3, claims it was error for the court not to modify the instruction by limiting the compensable event to the car accident, it being undisputed that respondent had suffered previous accidents with resultant injuries to her back, right knee, hip, shoulder and neck. The thrust of appellant's argument is that the unmodified instruction may have caused the jury to com-

pound the damages taxed against appellant by including in its award compensation for respondent's pre-existing disabilities.

The case upon which appellant primarily relies is *Clark v. McCloskey*, 531 S.W.2d 36 (Mo.App.1975). There, the plaintiff had earlier suffered injuries at work and in the subsequent automobile collision, he again claimed to have injured his back and legs. One of the contested issues at trial was whether the present disability of the plaintiff actually predated the car accident or was the direct consequence of that accident. The court held that MAI 4.01 should have been modified to limit the jury's consideration to the effects of the accident upon which the suit was based.

Several major differences distinguish the present case from *Clark*. Here, there was no conflicting testimony to be resolved concerning the origins of respondent's disabilities. It was agreed that respondent had suffered some earlier mishaps and that there were degenerative changes existing in her joints before the automobile accident which involved appellant. Defense counsel obviously found no fault with the damage instruction at the time because he made no objection to it. Instead, in closing argument, he referred to the instruction and emphasized that under the instruction, the jury was to allow damages only for the injuries plaintiff sustained in the automobile accident. In his closing argument, plaintiff's attorney agreed that no compensation was being asked for any problems plaintiff had before the accident.

■ The determinative question in cases of this type is whether the party complaining of the asserted instruction error has shown prejudice. The appellate court gives great deference to the conclusion of the trial judge as to the prejudicial effect of claimed instruction error. *Goff v. St. Luke's Hospital*, 753 S.W.2d 557, 565 (Mo. banc 1988). Where deviation from MAI appears, there is no ground for reversal unless there is a substantial indication of prejudice. *Grady v. American Optical Corp.*, 702 S.W.2d 911, 920 (Mo.App.1985). Measured by these standards, the present case is more closely aligned with *Asher v. Broadway–Valentine Center, Inc.*, 691 S.W.2d 478 (Mo.App.1985), where a similar claim of instruction error was rejected because no prejudice appeared. Under the facts of this case, appellant has not made the requisite showing of prejudice and we therefore deny the point.

Appellant's Points II and III are interrelated. In Point II, appellant contends a new trial should have been ordered because the verdict was so excessive as to demonstrate bias, passion and prejudice on the part of the jury. In Point III, the argument is that the court should have granted remittitur because the verdict exceeded fair and reasonable compensation for respondent's injuries. Both points address the amount of damages assessed by the jury and differ only as to the proposed remedial action.

The facts relevant to the claims of excessiveness in the jury verdict are as follow. Respondent was, at the time in issue, 68 years of age. She was regularly employed as a cashier. As a result of the accident, she lost less than two weeks from work. Her medical expenses as of the date of trial amounted to $3484.86. Plaintiff's evidence entitled the jury to find that plaintiff's injuries were permanent and the cause of chronic pain. She lost the ability to move her right shoulder freely and she cannot kneel or squat. She suffers from headaches for extended periods and because of the injuries, her range of activities at work and at leisure has been reduced.

■ Considering first the claim that an excessive verdict required the grant of a new trial, such relief is only available upon a showing that trial error incited prejudice in the jury. The amount of a verdict by itself is not enough to establish that the verdict was a result of bias, passion and prejudice. *Fisher v. McIlroy*, 739 S.W.2d 577, 581 (Mo.App.1987). The complaining party must show that some trial error or misconduct of the prevailing party was responsible for prejudicing the jury. *Mullen v. Dayringer*, 705 S.W.2d 531, 536 (Mo. App.1985).

Here, appellant has demonstrated no trial error or misconduct by plaintiff which was the source to which could be attributed any jury bias or prejudice against appellant. The sole basis claimed to have warranted a new trial is the size of the verdict. Under the authorities cited, this is insufficient to support the ground of error. Point II is denied.

The second prong of appellant's attack on the verdict centers on the relief of remittitur, restored by the legislature under § 537.068, RSMo Cum.Supp.1989, following the decision in *Firestone v. Crown Center Redevelopment Corp.*, 693 S.W.2d 99 (Mo. banc 1985). Where the jury errs by awarding a verdict which is simply too bounteous under the evidence, injustice may be prevented by ordering a remittitur. A new trial is not required because the jury is not guilty of misconduct, only an honest mistake as to the nature and extent of the injuries. *Koehler v. Burlington Northern, Inc.*, 573 S.W.2d 938, 945 (Mo.App. 1978).

Several principles bear on the question of whether a verdict is to be deemed excessive. The assessment of damages is primarily the function of the jury whose duty it is to award an amount to fairly and reasonably compensate the plaintiff for injuries sustained. *Stellwagen v. Gates*, 779 S.W.2d 351, 353 (Mo.App.1989); *McPherson v. Bi-State Dev. Agency*, 702 S.W.2d 129, 133 (Mo.App.1985). Appellate courts no longer give personal injury verdicts the close scrutiny they were given in the past, and whether the award is comparable to awards given in other cases with similar facts is no longer the sole factor considered in evaluating the excessiveness of an award. *Fowler v. Park Corp.*, 673 S.W.2d 749, 758, 758 n. 15 (Mo. banc 1984). Each case must stand on its own facts. In evaluating the excessiveness of the award, the reviewing court considers the evidence in the case and the verdict in light of the following factors: (1) loss of income, present and future, (2) medical expenses, (3) plaintiff's age, (4) the nature and extent of the injuries, (5) economic factors, (6) awards given and approved in comparable cases, and (7) the superior opportunity for the jury and trial court to appraise plaintiff's injuries and other damages. *Bender v. Burlington–Northern R.R.*, 654 S.W.2d 194, 202 (Mo.App.1983).

In the present case, the judge and the jury had the opportunity to view the plaintiff in the courtroom and they were in agreement that plaintiff's injuries, her expenses and her future disability and pain warranted an award of $100,000. Although the verdict may be considered generous, it is not so grossly excessive as to shock the conscience of this court or to convince us that the jury and the trial court abused their discretion. *See Rusk Farms, Inc. v. Ralston Purina Co.*, 689 S.W.2d 671, 683 (Mo.App.1985). Point III is denied.

Points IV, V and VI raise issues concerning the award by the trial court of prejudgment interest accruing from June 23, 1988. Such allowances are authorized by § 408.040.2, RSMo Cum.Supp.1989. The award of prejudgment interest serves two policies: to compensate for the true cost of money damages incurred and, where liability and damages are fairly certain, to promote settlement and to deter unfair benefit from the delay of litigation. *Davis v. Stewart Title Guaranty Co.*, 726 S.W.2d 839, 854 (Mo.App.1987).

Appellant first contends the allowance of prejudgment interest in this case was error because that prospect was avoided when appellant made a counter offer responsive to respondent's settlement demand. The facts are that on April 21, 1988, respondent offered to settle her case for $14,999.99. At some point thereafter, but before May 19, 1988, appellant made a counter offer of $3500.00. No further exchanges followed and no settlement was reached.

Under the statute, § 408.040.2, the calculation of prejudgment interest commences sixty days after the date the settlement demand is made, or from the date the demand was rejected without a counter offer, whichever is earlier. Appellant's argument seeks, in effect, to interpret the statute as declaring a moratorium on imposition of prejudgment interest liability so long as the

responsible party continues to extend settlement offers in any amounts and for an indefinite period. The contention is obviously flawed as proposing a mechanism which would totally frustrate the statute's purpose.

When interpreting statutes, the court must strive to implement the policy of the legislature and harmonize all provisions of the statute. *20th & Main Redevelopment Partnership v. Kelley*, 774 S.W.2d 139, 141 (Mo. banc 1989). The purpose and object of the statute must always be considered and the court must presume the legislature intended a logical result. *Redpath v. Missouri Hwy. and Transp. Comm'n*, 783 S.W.2d 429, 431 (Mo.App.1989).

Section 408.040.2 plainly indicates that where the conditions of a settlement offer preceding recovery of a later judgment for a greater amount occur, the prevailing claimant is entitled to prejudgment interest. The only variable is the date on which such interest commences. In any event, interest commences sixty days after the settlement is proposed, or earlier if the demand is rejected without a counter offer. The only function of a counter offer is to delay within the sixty day period, the effect which a rejection of the settlement proposal alone would produce. Once the sixty days have passed without a settlement being concluded, the only issue remaining for consideration in determining the allowance of prejudgment interest is whether the actual judgment recovered exceeds the settlement demand. Appellant's fourth point is without merit.

■ Appellant next complains the trial court erred in awarding plaintiff prejudgment interest because plaintiff did not send the letter by certified mail as required by RSMo § 408.040.2 but by regular mail. Appellant does not deny receipt of the notice or that she acted upon that notice. In *Heintz v. Woodson*, 758 S.W.2d 452 (Mo. banc 1988), the appellant argued his notice was defective, although timely, because the respondent had failed to file proof of service with the court in a timely fashion. The court held:

Procedural rules are but the means through which we seek to ensure the fair and orderly resolution of disputes and to attain just results. They are not ends in themselves. For this reason, we do not generally consider noncompliance with rules or statutory procedures to warrant reversal in the absence of prejudice. *Id.* at 454.

■ Generally, one having actual notice is not prejudiced by and may not complain of the failure to receive statutory notice. *Macon–Atlanta State Bank v. Gall*, 666 S.W.2d 934, 940 (Mo.App.1984). Statutes that impose certain technical requirements for notice should not be strictly enforced where the party seeking enforcement had actual notice and cannot show prejudice as a result of the failure to follow the technical requirements. *Id.* The cases cited by appellant on this point have to do with filing timely notice of appeal and are inapposite. No prejudice appearing, appellant's fifth point is denied.

■ Finally, appellant argues the trial court erred in awarding prejudgment interest because plaintiff's offer to settle was not left open for sixty days as is required by RSMo § 408.040.2 as a prerequisite for the award of prejudgment interest. She bases her claim on the fact that plaintiff's offer of settlement was made April 21, 1988, and suit was filed June 1, 1988, a period less than sixty days later. Appellant contends filing suit, in effect, negated the offer to settle.

We first note that the statute provides "[a]ny such demand ... shall be left open for sixty days unless rejected earlier." In this case, appellant made a counter offer to plaintiff sometime prior to May 19, 1988. A counter offer is a rejection of the original offer. *See Londoff v. Conrad*, 749 S.W.2d 463, 465 (Mo.App.1988). Suit was filed after the counter offer was made and therefore after the rejection took place.

That notwithstanding, there is no evidence in this case that the offer to settle was withdrawn before sixty days had elapsed. The letter from plaintiff's attorney to appellant rejecting her counter offer reiterated that the offer to settle would

remain open until June 22, 1988. The petition itself, filed June 1, 1988, included a paragraph stating plaintiff had made an offer of settlement pursuant to § 408.040.2 with the offer remaining open for sixty days. There is every indication that appellant could have accepted the settlement offer any time prior to June 22, 1988. Appellant's final point is denied.

The judgment is affirmed.

All concur.