**Betty DELP, Appellant,**

v.

**John DOE & Doe & Roe, Respondent.**

**No. 65675.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1995.

Application to Transfer Denied
April 25, 1995.

---

James Peter Leonard, St. Louis, for appellant.

Richard Charles Wuestling IV, St. Louis, for respondent.

WHITE, Judge.

Appellant, Betty Delp, appeals the trial court's sustaining of respondents' motion for summary judgment in this legal malpractice action. We reverse and remand.

On August 27, 1983, appellant fell in a grocery store and sustained injuries. On November 14, 1985, appellant retained respondents to represent her in a personal injury action against the grocery store. In December, 1985, respondents filed a petition for personal injuries on appellant's behalf.

This action was dismissed without prejudice for failure to prosecute on June 14, 1988. Respondents claim they never received notice of the dismissal and did not learn of it until early December, 1989. On or about December 30, 1989, respondents informed appellant of the dismissal of her personal injury action. At this time, respondents also told appellant her personal injury action was barred by the applicable statute of limitations.

Appellant filed a legal malpractice action against respondents on June 19, 1990. The docket sheet reflects the action was placed on the December 27, 1991 dismissal docket and appellant failed to take the necessary steps to remove the action from this docket. On August 3, 1993, appellant filed another petition, which is the subject of this appeal. Appellant alleged, in part, respondents were negligent in failing to remove the cause from the June 14, 1988 dismissal docket and failing to refile the action within the statute of limitations or within one year from June 14, 1988. Appellant also alleged as a direct and proximate result of respondents' negligence her personal injury action was barred. Respondents filed a motion for summary judgment claiming appellant's legal malpractice action was barred by the applicable statute of limitations, § 516.120(4).[1] The trial court sustained the motion and this appeal followed.

Appellate review of the trial court's sustaining of a summary judgment motion is essentially *de novo. ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). On appeal, the criteria for determining the propriety of summary judgment are no different than those which should be used by the trial court to determine the propriety of sustaining the motion. *Id.* "The propriety of summary judgment is purely an issue of law." *Id.*

A legal malpractice action must be brought within five years after it accrues. § 516.120(4); *Mental Health Associates v. Carlson*, 835 S.W.2d 551, 553 (Mo.App.E.D. 1992). The issue in the present case is when

---

1. All statutory references are to RSMo 1986.

did appellant's cause of action for legal malpractice accrue. Section 516.100 provides:

> [T]he cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but *when the damage resulting therefrom is sustained and is capable of ascertainment,* and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief obtained. (emphasis added).

Respondents contend appellant's malpractice action accrued on June 14, 1988, when appellant's personal injury action was dismissed. Appellant argues her malpractice action accrued on June 15, 1989, which was the day after the last date her personal injury action could have been refiled under the savings statute, § 516.230. In the alternative, appellant argues her malpractice action accrued on December 30, 1989, when respondents informed her the personal injury action had been dismissed and was time barred.

The courts have never precisely defined the "capable of ascertainment" language. *Carr v. Anding,* 793 S.W.2d 148, 150 (Mo. App.E.D.1990). There is confusion regarding the appropriate test to be used to determine "when the damage resulting [from a wrong] is sustained and capable of ascertainment." *See Martin v. Crowley, Wade & Milstead, Inc.,* 702 S.W.2d 57, 60 (Mo. banc 1985) (Welliver, J., concurring). This court transferred a case to the Missouri Supreme Court for reexamination of this issue.[2] However, in the present case the earliest date appellant's malpractice action could have accrued is clearly June 15, 1989.

In her petition, appellant alleged respondents' negligent acts were the direct and proximate cause of her personal injury action being time barred. Under the savings statute, appellant's personal injury action was not time barred until June 14, 1989.[3] If appellant filed her malpractice action between June 14, 1988 and June 14, 1989 she could not have recovered for damages arising from the loss of her personal injury action because this action could have been refiled. Therefore, the earliest date appellant's damages for the loss of her personal injury action were ascertainable was June 15, 1989. The malpractice action at issue was filed on August 3, 1993 and, using June 15, 1989 as the date appellant's malpractice action accrued, this is within the applicable five year period provided in § 516.120(4).

Respondents contend appellant suffered damages from the dismissal of her personal injury action on June 14, 1988, such as additional filing fees and loss of a "free dismissal" under Rule 67. Citing *Dixon v. Shafton,* 649 S.W.2d 435 (Mo. banc 1983), respondents argue because appellant suffered some damage from the dismissal of her personal injury action, her legal malpractice action accrued on June 14, 1988.

In *Dixon,* appellants and respondent were partners in Granada Associates (Granada). *Id.* at 436. Respondent, acting as attorney for Granada, recommended to partners they sign a contract which contained a clause requiring Granada to pay certain costs. *Id.* The contract was signed on August 3, 1971 and respondent had failed to read the final version which contained the cost clause. *Id.* at 437. On January 19, 1973, respondent first learned of the cost clause and immediately told Granada partners, recommending Granada retain counsel. *Id.* Granada retained counsel on February 14, 1973. *Id.* The other party to the contract subsequently brought suit for collection of the costs and appellants brought a cross-claim against respondent on May 1, 1978, alleging legal malpractice. *Id.* The trial court sustained respondent's motion for summary judgment. *Id.*

In affirming the trial court, our Supreme Court ruled the statute of limitations for appellants' legal malpractice action commenced running no later than February 14, 1973. *Id.* at 438. The court held appellants knew on February 14, 1973, a substantial

**2.** *Cochran v. Giddens,* No. 64629, —— S.W.2d ——, 1994 WL 160351 (Mo.App.E.D. May 3, 1994) (transferred to Missouri Supreme Court pursuant to Rule 83.02).

**3.** *Rice v. Taylor–Morley–Simon, Inc.,* 842 S.W.2d 926, 928 n. 1 (Mo.App.E.D.1992).

claim existed and appellants had suffered some damage, at least to the extent they knew they had to hire new counsel who would have been otherwise unnecessary. *Id.* In rejecting appellants' argument the costs could not be ascertained during the year 1973, the court stated, "The parties knew that, if the inserted clause were to stand, some [costs] would be due. It has never been a requirement of the law that the precise amount be determinable." *Id.* at 439. The court found it unnecessary to decide whether appellants' claim accrued the date respondent made his mistake. *Id.* at 438.

Respondents' reliance on *Dixon* is misplaced. As previously discussed, appellant suffered no damage for the loss of her personal injury action until June 15, 1989. Contrary to *Dixon*, this is not a case where the precise amount of damages could not be determined but rather there was no amount of damages to be determined for the loss of appellant's personal injury action prior to June 15, 1989. We also note the court in *Dixon* held the cause accrued no later than the date appellants actually knew a substantial claim existed and they had suffered some damage, whereas in the present case appellant did not learn of the claim until December 30, 1989. The earliest date appellant's legal malpractice action accrued was June 15, 1989 and, therefore, the August 3, 1993 petition was filed within the applicable five year limitation.

The trial court's judgment is reversed and the cause remanded for further proceedings.

SMITH, P.J., and KAROHL, J., concur.