Dennis Wayne EMERY, Plaintiff–Appellant,

v.

Thomas CARNAHAN, as Personal Representative of the Estate of Roger Carnahan, and Carnahan, Carnahan & Hickle, LLC, Defendants–Respondents.

No. 24824.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 26, 2002.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 18, 2002.

Application for Transfer Denied Nov. 26, 2002.

MAI–CR3d 306.06.

See also 976 S.W.2d 439.

Michael J. Ligons, Van Buren, for appellant.

Alex Bartlett, Husch & Eppenberger, LLC, Jefferson City, Hamp Ford, Susan Ford Robertson, Ford, Parshall & Baker, Columbia, for respondents.

JOHN E. PARRISH, Judge.

Dennis Wayne Emery (plaintiff) appeals a judgment dismissing a legal malpractice action he brought against Thomas Carnahan, Personal Representative of the Estate of Roger Carnahan,[1] and Carnahan, Carnahan & Hickle, L.L.C. (collectively referred to as defendants). The circuit court dismissed the action for failing to state a claim for which relief could be granted. This court reverses and remands.

In reviewing the circuit court's dismissal of a petition, this Court determines if the facts pleaded and the inferences reasonably drawn therefrom state any ground for relief. We treat the facts averred as true and construe the averments liberally and favorably to the plaintiff. *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831, 834 (Mo. banc 1985). A petition is not to be dismissed for failure to state a claim if any set of facts is asserted which, if proved, would entitle the plaintiff to relief. *Madden v. C & K Barbecue Carryout, Inc.,* 758 S.W.2d 59, 61 (Mo. banc 1988).

*Martin v. City of Washington,* 848 S.W.2d 487, 489 (Mo. banc 1993).

Plaintiff's action that was dismissed was based on an earlier case that resulted in a judgment favorable to him, *Emery v. Wal–Mart Stores, Inc.,* 976 S.W.2d 439 (Mo. banc 1998). In *Emery,* plaintiff recovered judgment in the amount of $528,000.[2] Plaintiff also sought prejudgment interest as permitted by § 408.040.[3] The claim for prejudgment interest was denied because the settlement offer on which the prejudgment interest claim was based was not sent to the adverse party by certified mail.

The opinion in *Emery* recites:

Plaintiff's original counsel testified he sent a letter dated November 22, 1991, to Wal–Mart's representative offering to settle plaintiff's claim for $175,000. It is undisputed that the letter was sent via regular mail, not certified mail. . . .

---

**1.** Plaintiff's petition alleges defendant Thomas Carnahan is the personal representative of the Estate of Roger Carnahan; that Roger Carnahan died October 16, 2000.

**2.** The jury awarded damages in the amount of $660,000. Judgment was entered for $528,000 following reduction of the amount of the verdict by 20 percent for fault attributed to plaintiff. *See Emery,* 976 S.W.2d at 443.

**3.** Reference to statutes are to RSMo Cum. Supp.1991 unless stated otherwise.

Plaintiff's offer was ultimately rejected by Wal–Mart on March 13, 1992. [Footnotes omitted.]

*Id.* at 449.

*Emery* explained regarding § 408.040.2:

The provision allows a plaintiff in a tort case to recover prejudgment interest if the party makes an offer of settlement to the opposing party or his or her representative and any subsequent judgment in the case exceeds the amount specified in the settlement offer. *Section 408.040.2.* The provision requires the settlement offer to be made in writing, to be sent by certified mail, and to be left open for sixty days unless rejected earlier. *Id.* If a prevailing plaintiff demonstrates compliance with the above, the plaintiff is entitled to prejudgment interest calculated from a date sixty days after the offer of settlement was made or from the date the offer is rejected without counteroffer, whichever is earlier. *Id.*

*Id.* at 448–49.

*Emery* held, "Section 408.040.2 is clear and requires certified mail. Since plaintiff's letter was not sent by certified mail, the trial court correctly denied prejudgment interest." *Id.* at 449.

Plaintiff's petition in this action alleges:

### Count I

. . .

4. In early 1990, Plaintiff contracted with Roger Carnahan and Carnahan, Carnahan & Hickle, L.L.C. (hereinafter jointly referred to as "Defendants") to have said Defendants represent him with regard to personal injuries suffered by Plaintiff in an accident which occurred September 19, 1988 at a Wal Mart store in Butler County, Missouri.

5. Defendants undertook to represent Plaintiff with regards to his claim for personal injuries.

6. On November 22, 1991, during the course of their representation of Plaintiff, Defendants sent to Wal Mart via regular mail an offer to settle Plaintiff's claim for $175,000 and which said offer was rejected by Wal Mart on the 13th day of March, 1992.

7. Plaintiff was awarded a judgment in excess of the settlement offer on the 14th day of November, 1996.

8. Pursuant to section 408.040 of the Missouri Revised Statutes, Plaintiff would have been entitled to prejudgment interest from the date of the rejection of the offer until the date of the entry of the judgment had Defendants adhered to the provisions of said section, namely sending the offer to settle by certified mail.

9. Defendants negligently and carelessly failed to adhere to the provisions of section 408.040 of the Missouri Revised Statutes in that they did not send the offer to settle by certified mail.

10. Plaintiff was ultimately denied prejudgment interest as a direct and proximate result of Defendants' failure to send the aforementioned offer to settle via certified mail.

11. Defendants failure to send the aforementioned offer to settle via certified mail was a failure of Defendants to use the proper skill, care and diligence required in their representation of Plaintiff.

. . .

### Count II

. . .

12. Plaintiff hereby incorporates each and every fact, matter and allegation contained in paragraphs one (1)

through eleven (11) of Count I of Plaintiff's Petition as if here set forth in full.

13. When Plaintiff learned that his request for prejudgment interest had been denied by the Supreme Court of Missouri, Plaintiff asked Roger Carnahan why the settlement offer was not sent via certified mail and Roger Carnahan replied that the requirement of the statute that the offer be sent via certified mail was only recently added to the statute.

14. The aforementioned statement of Roger Carnahan was false and made by Roger Carnahan to protect himself and Defendant Carnahan, Carnahan & Hickle, L.L.C. from any claim of Plaintiff.

15. The making of the aforementioned statement was a breach of Defendants' fiduciary duty to Plaintiff and so wanton, willful, malicious and adverse to Plaintiff's interest as to require punitive damages in an amount to be determined which is fair and reasonable in order to prevent Defendants, and others similarly situated, from making further similar statements.

Count I sought damages, costs and attorney fees. Count II sought punitive damages.

Defendants filed a motion to dismiss the petition for failure to state a claim on which relief could be granted. The trial court entered judgment granting the motion by handwritten docket entry dated February 13, 2002. The judgment includes the finding:

The Court finds that the case law in the State of MO on Nov. 22, '91, when atty Carnahan mailed the offer of settlement to Wal–Mart, did not require a mailing by certified mail (see *Larabee v. Washington,* 793 S.W.2d 357 (Mo.App. W.D. 1990)). The Supreme Court did not reverse Larabee and hold otherwise until Sept. 22, 1998. The Court finds that an atty is entitled to rely upon the law & its interpretation by a Court of Appeals at the point in time of the critical event. To hold otherwise would be to subject attorneys to "forecasting & prophesying" the rulings of the Supreme Court in the future.

The judgment granted defendants' motion to dismiss as to Count I and Count II.

■ Plaintiff presents one point on appeal. He asserts the trial court erred in dismissing his petition for failure to state a cause of action; that if all facts pleaded in the petition are taken as true a question of fact exists for determination by a jury. Plaintiff argues that the holding in *Larabee v. Washington,* 793 S.W.2d 357 (Mo. App.1990), on which the trial court predicated its ruling, does not require dismissal of his claim.

*Larabee* was decided May 1, 1990, by the Western District of this court. Ms. Larabee was awarded judgment of $100,000 for injuries she sustained in an automobile accident. She offered to settle her claim April 21, 1988, before trial, for $14,999.99. A counter offer of $3,500 was made some time before May 19, 1988. There was no further negotiation.

Ms. Larabee's settlement offer was sent by regular mail. The defendant in her case did not deny having received the letter or that she acted upon it. The trial court awarded prejudgment interest. The award of prejudgment interest was affirmed, notwithstanding Ms. Larabee's failure to have sent her settlement offer by certified mail. The Western District concluded the defendant in *Larabee* had not been prejudiced by the failure to send the settlement offer by certified mail; that, therefore, failure to comply with the

certified mail requirement of § 408.040.2 [4] did not preclude recovery of prejudgment interest. *Emery* overruled *Larabee* with respect to its holding concerning the certified mail requirement of § 408.040.2. *Emery*, 976 S.W.2d at 449–50.

In this case, the trial court misconstrued *Larabee* in concluding that *Larabee* held compliance with the certified mail requirement of § 408.040.2 was not necessary in order to recover prejudgment interest. *Larabee* held only that Ms. Larabee was entitled to prejudgment interest because the defendant in the case was not prejudiced by Ms. Larabee's failure to send her settlement offer by certified mail. *Larabee* did not purport to give *carte blanc* authority to future plaintiffs seeking prejudgment interest based on § 408.040 to send settlement offers by means other than certified mail.

■ Plaintiff's petition undertook to plead legal malpractice on the part of the attorneys who represented him in his case against Wal–Mart based on their failure to send his settlement offer to Wal–Mart by certified mail. The elements of a claim for legal malpractice are, (1) an attorney-client relationship; (2) the attorney acted negligently or in breach of contract; (3) that the attorney's acts were the proximate cause of damages sustained by the client; and (4) but for the attorney's conduct, the client would have been successful in prosecuting an underlying claim. *Klemme v. Best*, 941 S.W.2d 493, 495 (Mo. banc 1997). *See also Donahue v. Shughart, Thomson & Kilroy, P.C.*, 900 S.W.2d 624, 626 (Mo. banc 1995). Plaintiff's petition meticulously sets forth facts that, if proven, would support a claim of legal malpractice. Plaintiff's point on appeal is granted. The judgment dismissing plaintiff's petition is reversed. The case is remanded.

SHRUM, J., and RAHMEYER, C.J., concur.

---

4. The applicable statute in *Larabee* was § 408.040, RSMo Cum.Supp.1987. It is identical to the statute in effect at the time Mr. Emery's settlement offer was sent, § 408.040, RSMo Cum.Supp.1991.