Doyle HITCHCOCK, Plaintiff–
Appellant,

v.

NEW PRIME, INC., Defendant–
Respondent.

No. 27034.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 28, 2006.

Motion for Rehearing or Transfer
Denied Sept. 14, 2006.

Application for Transfer Denied
Oct. 31, 2006.

Nick M. Venute, Springfield, MO, for appellant.

Stuart H. King, Springfield, MO, for respondent.

JEFFREY W. BATES, Chief Judge.

Doyle Hitchcock (Hitchcock) appeals from the dismissal of his lawsuit to recover damages for injuries sustained in a motor vehicle accident. The trial court entered a summary judgment against Hitchcock after concluding that his petition failed to state a claim because of certain contracts he had executed with defendant New Prime, Inc. (NPI). We reverse and remand.

On June 17, 1999, Hitchcock leased a 2000 Freightliner truck to NPI. As a part of that transaction, two agreements were

executed by Hitchcock and NPI. The first was an Independent Contractor Operating Agreement (ICOA); the second was a Personnel Service Agreement (PSA). The ICOA contained a hold harmless and indemnification provision which stated, in pertinent part, that "You agree to hold Prime harmless and to indemnify Prime against all claims, losses, damages and expenses, including attorneys' fees (i) arising out of Your acts or omissions or those of Your agents and employees (including drivers leased from Prime)...." The PSA obligated NPI, upon request, to "lease" to Hitchcock a NPI employee to operate the Freightliner. The PSA stated, in pertinent part, as follows:

1.1 Supplying drivers. NPI shall, upon request of lessee, lease personnel to lessee who are employees of NPI ("drivers") to operate motor vehicles transporting freight which are owned or leased by lessee.

1.2 Status of drivers. Drivers shall at all times be deemed to be and shall be employed by NPI only.

....

1.4 Employment of drivers. NPI shall have the sole authority to hire and fire the drivers. If lessee becomes dissatisfied with the performance of a driver, lessee may request NPI to substitute another driver in his place, and NPI shall endeavor to provide a substitute driver as soon as practical[.] Any expenses incurred in relieving a driver and replacing him with another driver, including the transportation of both drivers to and from Springfield, Missouri shall be borne solely by lessee.

....

2.1 Wages and deductions. NPI shall be solely responsible for the payment of the drivers' wages and shall have the responsibility of making all deductions from such wages as are required by law, and forwarding such deductions and reports of the same to the proper state and federal authority.

....

5.1 Supervisor of drivers. On those occasions when the equipment to be operated by drivers is being furnished to NPI by lessee to haul freight, NPI shall dispatch drivers. In all other repects [sic], however, during the term of this agreement, lessee shall be responsible for the supervision and conduct of the driver, including causing the driver to abide by all work and safety rules of the Department of Transportation and NPI.

....

6.1 Damage to lessee and equipment. Lessee agrees not to hold NPI responsible for any damage or injuries suffered by lessee or to lessee's equipment as a result of any action by driver and hereby releases NPI from any such claim.

Hitchcock's wife, Rama Hitchcock (Rama), was an employee of NPI. At Hitchcock's request, she was "leased" to him to operate the Freightliner.

On June 1, 2004, Hitchcock filed suit against NPI in the Circuit Court of Greene County, Missouri. In that lawsuit, Hitchcock alleged that: (1) he was riding as a passenger in a tractor-trailer unit being operated by Rama on December 5, 2000; (2) at that time, Rama was an employee of NPI; (3) she was operating the tractor-trailer unit in the scope and course of her employment by NPI; (4) the tractor-trailer unit left the highway and crashed; (5) the accident was caused by Rama's negligence in various respects; (6) Hitchcock sustained personal injuries in the collision;

and (7) pursuant to the doctrine of respondeat superior, NPI was liable for Rama's negligence since she was acting as NPI's employee and/or agent when the accident occurred. Hitchcock sought to recover lost wages, medical expenses and other damages from NPI.

On June 17, 2004, NPI filed a motion to dismiss Hitchcock's petition. Copies of the ICOA and PSA were attached as exhibits to the motion. Based on the hold harmless provision in the ICOA and the release clause in the PSA, NPI argued that dismissal was required. Specifically, NPI argued that Hitchcock was responsible for Rama's negligence because: (1) she was Hitchcock's borrowed servant; and (2) the indemnity provisions of the ICOA and PSA should be enforced because they were plain and unambiguous. In August 2004, an amended motion to dismiss advancing these same arguments was filed by NPI.

At the same time Hitchcock's lawsuit was pending in the Circuit Court of Greene County, Missouri, another personal injury action styled *Caballero v. Stafford and New Prime, Inc.* (Case No. 104CC2079) had been filed in that same court. Caballero's lawsuit was virtually identical in all material respects to Hitchcock's lawsuit because: (1) each plaintiff leased a truck to NPI; (2) each plaintiff was injured while riding as a passenger in the leased truck; (3) each plaintiff was injured due to the alleged negligence of a driver employed and supplied by NPI; (4) each plaintiff had signed an ICOA and PSA with NPI; (5) in the respects material here, the ICOA and PSA agreements were the same; and (6) NPI advanced the same arguments in seeking dismissal of each case. In February 2005, Judge Dan Conklin granted summary judgment in favor of NPI in Caballero's case and filed a

written memorandum explaining the reasons for his decision.

NPI's amended motion to dismiss in Hitchcock's case was taken up by the trial court on April 6, 2005. At the conclusion of the hearing, the court made the following docket entry: "Deft's motion to dismiss is sustained based on court memorandum entered by Judge Conklin in 104CC2079." On May 10, 2005, the court entered a summary judgment in favor of NPI. The court noted in the judgment that NPI's amended motion to dismiss was properly treated as a motion for summary judgment pursuant to Rule 55.27(a) after giving Hitchcock an opportunity to present all pertinent material allowed by Rule 74.04.[1] This appeal followed.

We do not defer to the trial court's order granting summary judgment. *Hearod v. Baggs,* 169 S.W.3d 198, 202 (Mo.App. 2005). Instead, we engage in a *de novo* review because the question of whether summary judgment should be granted presents only an issue of law, and we consider the same record that was before the trial court. *Golden Valley Disposal, LLC v. Jenkins Diesel Power, Inc.,* 183 S.W.3d 635, 639 (Mo.App.2006); *Jeffrey v. Cathers,* 104 S.W.3d 424, 428 (Mo.App. 2003). "We view the record in the light most favorable to the party against whom judgment was entered, and we accord that party the benefit of all inferences which may reasonably be drawn from the record." *Hearod,* 169 S.W.3d at 202. Thus, entry of summary judgment for NPI was erroneous unless the record demonstrates that there was no genuine issue as to any material fact and that NPI was entitled to judgment in its favor as a matter of law. *Lindsay v. Mazzio's Corp.,* 136 S.W.3d 915, 919 (Mo.App.2004); Rule 74.04(c)(6).

---

**1.** All references to Rules are to Missouri Court Rules (2006).

On appeal, Hitchcock argues the trial court erred in entering judgment as a matter of law in favor of NPI based on the provisions of the ICOA and PSA. NPI argues that summary judgment was properly granted because Rama was Hitchcock's borrowed servant, and the indemnity and hold harmless provisions of the ICOA and PSA should be enforced because they were clear and unambiguous.

The outcome of this appeal is controlled by our decision in *Caballero v. Stafford*, No. SD27272, 202 S.W.3d 683, 2006 WL 2422558 (Mo.App. filed August 23, 2006), in which the very same arguments were advanced by NPI. We held that the trial court erred in granting summary judgment for NPI because: (1) there were genuine issues of material fact concerning the borrowed servant defense which required a trial to resolve; and (2) the provisions of the ICOA and PSA were not effective to release NPI from liability because the words "negligence," "fault" or their equivalents were not used as required by *Alack v. Vic Tanny International of Missouri, Inc.*, 923 S.W.2d 330 (Mo. banc 1996). *Caballero*, at 696. As noted earlier, the trial court in the case at bar adopted Judge Conklin's reasoning *in toto* in granting summary judgment for NPI. Since the judgment in *Caballero* was erroneous for the reasons explained in this court's thorough opinion, the same result necessarily attends here. In lieu of setting out the rationale for our decision a second time, we simply refer the reader to the *Caballero* opinion.

The judgment is reversed, and the case is remanded for further proceedings consistent with our opinion in *Caballero*.

GARRISON and BARNEY, JJ., Concur.