Brenda WILSON, Personal Representative of the Estate of Amelia J. Winchester, Plaintiff–Respondent,

v.

Billy RHODES, Jr., Individually, and as Successor Trustee of the Bill Rhodes, Sr., Trust, Kathy Kinder, Individually, and as Successor Trustee of the Jean F. Rhodes Trust, Defendants–Appellants,

and

Abigail Winchester, Defendant.

No. 27904.

Missouri Court of Appeals, Southern District, Division Two.

June 3, 2008.

Motion for Rehearing or Transfer to Supreme Court Denied July 18, 2008.

Application for Transfer Denied Aug. 26, 2008.

Donald R. Rhodes, Bloomfield, MO, for defendants-appellants Billy Rhodes, Jr. and Kathy Kinder.

George W. Gilmore, Jr., Sikeston, MO, for defendant-appellant Abigail Winchester.

James R. Tweedy, Bloomfield, MO, for plaintiff-respondent.

JEFFREY W. BATES, Chief Judge.

The trial court granted a summary judgment requiring the successor trustees of two trusts to distribute certain assets to the personal representative of a decedent's estate. On appeal, the trustees contend that the court misapplied the law in so ruling. Finding no error, this Court affirms the judgment as modified.

## I. Standard of Review

■ Appellate review of a summary judgment is based upon the record submitted below. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993); *Bumm v. Olde Ivy Development, LLC*, 142 S.W.3d 895, 896–97 (Mo.App. 2004). Here, the undisputed material facts were presented via cross-motions for summary judgment filed by the trustees and the personal representative. The trial court granted the personal representative's motion. On appeal, we utilize a *de novo* standard of review and accord no deference to the decision below. *Poage v. State Farm Fire & Cas. Co.*, 203 S.W.3d 781, 783 (Mo.App.2006); *Bland v. IMCO Recycling, Inc.*, 122 S.W.3d 98, 102 (Mo. App.2003). Therefore, our task is to review the record and independently decide whether the personal representative has established an undisputed right to judgment as a matter of law. Rule 74.04(c)(6); *ITT*, 854 S.W.2d at 380.[1]

## II. Factual and Procedural Background

Bill Rhodes, Sr. (Husband), and Jean F. Rhodes (Wife) were married and had three children: Billy Rhodes, Jr. (Rhodes); Kathy Kinder (Kinder); and Amelia Winchester (Winchester). Winchester had a child named Abigail Winchester (Granddaughter).

In September 1992, Husband and Wife established individual trusts. Husband was the grantor and trustee of his trust. Wife was the grantor and trustee of her trust. Apart from those differences, each trust contained the same provisions. The distributive provisions in each trust were contained in Article VII. Using Husband's trust as an exemplar, the relevant portions of this article stated:

A. The Trust shall continue for the sole benefit of the Grantor until the death of the Grantor, at which time the Successor Trustee shall pay the expenses of the last illness, funeral, lawful debts and estate taxes, if any, of the Grantor. In the event [Wife] survives [Husband], the Trust shall continue for the benefit of [Wife], and the Successor Trustee shall pay all income earned by the Trust Estate to [Wife] for her lifetime. Said payments shall be made as said income is earned.

B. In the event [Wife] does not survive [Husband], or after her death, the Successor Trustee shall distribute the Trust Assets as follows: [certain stock, real estate and jewelry to Rhodes; certain real estate and jewelry to Kinder; certain real estate and jewelry to Winchester; and the residue of the estate divided equally among the couple's three children per stirpes].

C. ... All income earned by the Trust shall be paid to [Wife] during her lifetime. In the event [Wife] is not living and at such time [Successor Trustee] receives a clearance letter from the Internal Revenue Service and the Missouri Department of Revenue stating that all taxes are paid and satisfied in full, and at such time the business of the Trust is

---

1. All references to rules are to Missouri Court Rules (2004).

finally completed then [Successor Trustee] shall distribute the assets of the Trust as hereinabove set forth and provided, and the Trust shall terminate.
. . . .

E. In the event either of [Husband's] children, [Kinder, Winchester or Rhodes] is not living at the time of [Husband's] and [Wife's] death, then such child/children's share of the Trust Estate shall be held in Trust for such deceased child's/children's lineal descendants (Grantor's grandchildren) until such grandchild/grandchildren, as the case may be, reaches the age of 25 years, at which time, such grandchild/grandchildren shall be given his/her share of the Trust Estate, free and clear of Trust, to be his/hers absolutely.

F. After the death of [Husband and Wife], the Successor Trustee is hereby authorized to execute whatever documents or instruments which are necessary to transfer ownership of the Trust Estate property and any undistributed income.

Article XI of Husband's trust also contained a spendthrift provision that stated:

Except as otherwise provided herein, all payments of the assets of the Trust Estate, accrued income, or all payments of principal and income payable, or to become payable, to the beneficiary of the Trust herein created shall not be subject to garnishment, levy, execution, anticipation, assignment, pledge, sell or transfer in any manner, nor shall any beneficiary, except Grantor [Husband], as hereinabove provided, have the power to sell, transfer, withdraw, anticipate or encumber such interests, nor shall such interest, while in the possession of the Trustee or the Successor Trustee, be liable for or subject to the debts, contracts, obligations, liabilities, or torts of any beneficiary of this Trust.

Husband died in July 1993. Rhodes was designated as successor trustee of Husband's trust. Wife died in November 2002.[2] Kinder was designated as successor trustee of Wife's trust.

Winchester died in December 2002. A decedent's estate was opened, and Brenda Wilson was appointed personal representative. She made demand upon trustees Rhodes and Kinder (hereinafter collectively referred to as Trustees) to distribute trust assets that were due Winchester to her estate, but Trustees refused to do so.

Thereafter, Wilson (hereinafter referred to as Personal Representative) brought this lawsuit to compel distribution of the trust assets. Trustees filed a motion for summary judgment. The legal bases for their motion were: (1) Winchester died before her right to receive any distribution from the trusts vested; and (2) due to Winchester's death, her share of the trust proceeds should be held in trust for Granddaughter pursuant to the provisions of Article VII.E of the trusts. Personal Representative filed a cross-motion for summary judgment. The legal bases for her motion were: (1) Winchester's right to receive a distribution of her share of the trusts' assets vested upon Wife's death; and (2) by its own terms, Article VII.E was wholly inapplicable because Winchester outlived Husband and Wife. The trial court denied Trustees' motion and granted Personal Representative's motion. This appeal followed.

**2.** Prior to Wife's death, she amended her trust three times. The first and third amendments changed the specific property to be distributed to the three children in Article VII, but the other provisions of the article remained the same. The second amendment designated Kinder to act as successor trustee of Wife's trust upon her death, resignation or incompetence.

## III. Discussion and Decision

### Point I

In Trustees' first point, they contend that the trial court erred in ordering trust assets to be distributed to Personal Representative because Husband and Wife specifically expressed their intent that their assets would pass to their grandchildren if Rhodes, Kinder or Winchester were deceased. This Court disagrees.

When determining the meaning of a trust provision, the paramount rule of construction is that the grantor's intent is controlling. *First Nat. Bank of Kansas City v. Hyde,* 363 S.W.2d 647, 652 (Mo. 1962); *Ross v. Everhart,* 185 S.W.3d 720, 724 (Mo.App.2006). When a trust instrument "contains plain and unambiguous language, courts give effect thereto." *First Nat. Bank of Kansas City v. Waldron,* 406 S.W.2d 56, 59 (Mo.1966). In our view, Trustees' argument is completely refuted by the plain language used in Article VII.E, which states:

> E. *In the event either of [Husband's] children, [Kinder, Winchester or Rhodes] is not living at the time of [Husband's] and [Wife's] death,* then such child/children's share of the Trust Estate shall be held in Trust for such deceased child's/children's lineal descendants (Grantor's grandchildren) until such grandchild/grandchildren, as the case may be, reaches the age of 25 years, at which time, such grandchild/grandchildren shall be given his/her share of the Trust Estate, free and clear of Trust, to be his/hers absolutely.

(Italics added.) Because Winchester was alive when Wife died, Article VII.E has no application and created no beneficial interest in Granddaughter to any of the trusts' assets. Point I is denied.

### Point II

In Trustees' second point, they contend that the trial court erred in ordering trust assets to be distributed to Personal Representative because: (1) the trusts contained spendthrift clauses; and (2) as Winchester died prior to distribution, these clauses precluded any trust assets from being paid to her estate. This Court disagrees.

A spendthrift provision prevents alienation of trust property that a beneficiary is entitled to receive "only until the beneficiary actually receives the property or the beneficiary's right to receive the property accrues." *State ex rel. Nixon v. Turpin,* 994 S.W.2d 53, 59 (Mo.App.1999). Here, the dispositive issue is when Winchester's right of distribution accrued.[3] Neither trust explicitly required a beneficiary to survive until the date of distribution in order to receive trust assets. In the absence of language clearly expressing such an intent, the law favors the vesting

---

3. Citing § 456.5–502, Trustees argue that a creditor or assignee of the beneficiary may not reach the interest or a distribution by the trustee before its receipt by the beneficiary. One flaw in this argument is that Wife and Winchester both died in 2002. Section 456.5–502 did not become effective until January 1, 2005. § 456.11–1104 RSMo Cum. Supp. (2004). Using this new statute to create, define or regulate a beneficiary's rights would violate the constitutional ban on retrospective laws. *See Hess v. Chase Manhattan Bank, USA, N.A.,* 220 S.W.3d 758, 769 (Mo. banc 2007). Another flaw in Trustees' argument is that it implicitly treats Personal Representative as a creditor seeking trust assets. That is incorrect. Winchester's personal representative, who stands in Winchester's shoes and represents her interests, merely seeks distribution of any assets in which Winchester had a vested interest at the time of her death. *See Johnson v. Great Heritage Life Ins. Co.,* 490 S.W.2d 686, 691 (Mo.App.1973) (administratrix of the deceased debtor stands in the shoes of her decedent).

of legal or equitable estates at the earliest possible time. *Lehmann v. Janes*, 409 S.W.2d 647, 656 (Mo.1966); *Friedman v. Marshall*, 876 S.W.2d 745, 748–49 (Mo. App.1994). Therefore, Winchester's right to receive a distribution of trust assets accrued on the date of Wife's death. This vested equitable estate passed to Winchester's estate upon her death. *See Mercantile Trust Co., N.A., v. Hardie*, 39 S.W.3d 907, 913 (Mo.App.2001) (recognizing that a vested equitable estate can be passed through inheritance). The existence of the spendthrift clauses in the trusts does not preclude this result. We find the following comment from the Restatement (Third) of Trusts § 58 cmt. g (2003) instructive:

> The executor or administrator of a deceased beneficiary of a spendthrift trust is entitled to income or other distributions that have accrued but have not been paid at the time of the beneficiary's death to the same extent as if the trust were not a spendthrift trust. . . . Because income or principal received by the personal representative is distributed and no longer subject to the trust, these funds are subject to creditors' claims and other obligations of the deceased beneficiary's estate, and to disposition by the beneficiary's will or by intestate succession.

*See also In re Campbell's Estate*, 48 Haw. 1, 394 P.2d 784, 789 (1964) (holding that a spendthrift clause in a trust did not preclude accrued income from being paid to a beneficiary's personal representatives). Point II is denied.

### Point III

In Trustees' third point, they argue that Winchester's right to receive a distribution did not accrue because she died before the tax clearance letter had been issued to Rhodes. This Court disagrees.

Preliminarily, we note that the fundamental nature of a trust is the division of title into legal title held by the trustee and equitable title held by the beneficiary. *Moore v. Moore*, 189 S.W.3d 627, 636 (Mo.App.2006). Equitable interests can vest in the same fashion as legal interests. *Id.* At the termination of the trust, the equitable and legal titles merge, and the beneficiary becomes a holder of a full fee interest. *Mercantile Trust Co., N.A., v. Hardie*, 39 S.W.3d 907, 913 (Mo. App.2001). Contrary to Trustees' assertions, it is clear that a beneficiary's interest can vest prior to disbursement of the assets. *See Lehmann v. Janes*, 409 S.W.2d 647, 656–57 (Mo.1966); *Blue Ridge Bank and Trust Co. v. McFall*, 207 S.W.3d 149, 159 (Mo.App.2006).

As these decisions illustrate, a vested remainder can reside in an identifiable person, although his or her possession may be postponed. *Id.* In the case at bar, Winchester's right to receive a distribution of trust assets accrued on Wife's death. The requirement in Article VII.C merely affected the date on which possession (i.e., distribution) of said assets would occur. This variable did not render Winchester's interest in the trust assets contingent. Therefore, her death prior to the issuance of the tax clearance letters did not affect the accrual of her right to distribution or the concomitant vesting of her interest in the trust assets. Point III is denied.

### Point IV

In Trustees' fourth point, they argue that the trial court erred in entering judgment against them in their individual capacities. This Court agrees. As issued by the trial court, the caption of the judgment only names the Trustees in their individual capacities and not in their capacities as trustees. Point IV is granted. Pursuant to Rule 84.14, this Court enters

the judgment that ought to have been given. Therefore, the caption of the judgment is amended to include Kathy Kinder as Trustee of the Jean F. Rhodes Trust, and Billy Rhodes, Jr., as Trustee of the Bill Rhodes, Sr., Trust. Rule 84.14. As modified, the judgment is affirmed.

LYNCH and BURRELL, JJ., Concur.