**James E. REEVES, Plaintiff–Respondent,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellant.**

No. SD 30246.

Missouri Court of Appeals, Southern District, Division One.

Dec. 14, 2010.

Beth C. Boggs, H. Edward Ryals, Boggs, Avellino, Lach & Boggs, L.L.C., St. Louis, MO, for appellant.

James E. Reeves, Ward & Reeves, Caruthersville, MO, and Joseph C. Blanton, Jr., Blanton, Rice, Nickell, Cozean & Collins, LLC, Sikeston, MO, for respondent.

Before BARNEY, P.J., LYNCH, J., and BURRELL, J.

PER CURIAM.

Allstate Insurance Company appeals the trial court's grant of summary judgment in favor of James E. Reeves and the denial of its motion for summary judgment, both arising from a homeowner's insurance policy claim that resulted from tornado damage to Reeves's property. The trial court sustained Reeves's motion for summary judgment as to Count I of Reeves's First Amended Petition ("the Petition") and awarded $55,752.82 to Reeves, together with interest and costs for the loss of nine trees on his property. The trial court also sustained that part of Reeves's motion for summary judgment pertaining to Count III of the Petition, confirmed payments made to Reeves by Allstate for repairs to his dwelling and other structures in the

amounts of $18,128.39 and $7,474.50,[1] and awarded an *additional* sum of $18,613.33 for such repairs.[2] Because Reeves did not have the undisputed right to judgment as a matter of law on either count and the denial of Allstate's motion for summary judgment is not subject to appellate review, we reverse the trial court's judgment on each count and remand the case for further proceedings.

### Factual Background

As mandated by Rule 74.04, Reeves attached a statement of uncontroverted material facts to his motion for summary judgment.[3] Rule 74.04(c)(1). That rule also requires that "[t]he statement shall state with particularity in separately numbered paragraphs each material fact as to which movant claims there is no genuine issue[.]" *Id.* Thus, by filing this statement, Reeves represented to the trial court that there was no genuine issue as to the following material facts.[4]

At all relevant times Reeves was the owner of the "residence premises" located in Caruthersville, Pemiscot County, Missouri. Allstate issued and delivered to Reeves its "Deluxe Plus Homeowners Insurance Policy" No. 95052534 ("the Policy"), insuring Reeves against loss and damage to the "residence premises" caused by tornado and other perils. On April 2, 2006, the "residence premises" sustained loss and damage caused by a tornado. Allstate assigned Reeves's loss and damage to its "National Catastrophe Team" Claim No. 8580400607, Michael E. Warner, Adjuster. On May 7, 2006, Warner prepared an Adjuster Summary showing that Reeves's loss was $18,128.39.

Allstate's policy defines the coverage as follows:

7.   Residence premises—means the **dwelling,** other structures and land located at the address stated on the Policy Declarations.

8.   **Insured premises**—means:

a) the **residence premises;** and

.       .       .       .       .

10.   **Property damage**—means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

On May 9, 2007, Allstate denied coverage for the loss of the nine trees relying on page 13, paragraph 7 of its policy as follows:

7.   **Trees, Shrubs, Plants and Lawns**

**We** will pay up to an additional 5% of the limit of liability shown on the Policy Declarations under **Coverage A—Dwelling Protection** for loss to trees, shrubs, plants and lawns at the address of the **residence premises. We** will not pay more than $500 for any one tree, shrub, or plant including expenses incurred for removing debris. *This coverage applies only to direct physical loss caused by fire or lightning, explosion, riot or civil commotion, aircraft, vehicles not owned by an occupant of the* **residence premis-**

---

1.   In his "Statement of Uncontroverted Material Facts" supporting his motion for summary judgment, Reeves acknowledges Allstate paid him $25,605.89 for repairs he made on his property.

2.   Count II of the Petition, claiming Allstate twice deducted $5,000.00 for depreciation and other deductibles, was voluntarily dismissed by Reeves.

3.   All rule references are to Missouri Court Rules (2009).

4.   The facts are taken from Reeves's Statement of Uncontroverted Material Facts almost verbatim without any further attribution. Only those facts related solely to the dismissed Count II have been omitted.

es, *vandalism or malicious mischief, theft or collapse of a* **building structure** *or any part of a* **building structure.** ( [Allstate's] denial of coverage used the italics.)

**We** will pay up to $500 for reasonable expenses you incur for the removal of debris of trees at the address of the **residence premises** for direct physical loss caused by windstorm, hail, or weight of ice, snow or sleet. The fallen trees must have caused damage to property covered under **Coverage A—Dwelling Protection.**

**We** do not cover trees, shrubs, plants, or lawns grown for **business** purposes.

In March 2007, Allstate employed Steve Denton of Cullen & Associates, Belleville, Illinois, an independent adjuster, to inspect and determine the tornado losses, except trees, to the insured premises. Undisclosed to Reeves until Allstate's interrogatory responses, filed in May 2009, Denton prepared a second report that Reeves's actual loss was $44,319.22. The report contained a handwritten note, "Comparison Est Do Not Pay[.]" Denton's undisclosed "Comparison Est Do Not Pay" confirms that Allstate is indebted to Reeves for the underpayment of $18,613.33 ($44,319.22 adjuster's loss less $25,605.89 paid Reeves).

### Standard of Review

A motion for summary judgment can be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Rule 74.04(c)(6); *see Hitchcock v. New Prime, Inc.*, 202 S.W.3d 697, 699 (Mo.App. 2006). Appellate review of the grant of a motion for summary judgment is *de novo. Wilson v. Rhodes*, 258 S.W.3d 873, 875 (Mo.App.2008). This Court uses the same criteria the trial court should have used in initially deciding whether to grant such a motion. *Harris v. Smith*, 250 S.W.3d 804, 806 (Mo.App.2008). Appellate review is based upon the record submitted to the trial court. *Sexton v. Omaha Prop. & Cas. Ins. Co.*, 231 S.W.3d 844, 845 (Mo.App. 2007). That record is viewed in the light most favorable to the party against whom judgment was entered, and the nonmoving party is accorded the benefit of all inferences which may reasonably be drawn from the record. *ITT Comm Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). As summary judgment is "an extreme and drastic remedy," we exercise great caution in affirming it because the procedure cuts off the opposing party's day in court. *Id.* at 377. Summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *Id.* at 380.

### Discussion

We first consider Allstate's Points 3, 4 and 5, which, as best as we can discern, assert that on the summary judgment record before the trial court, Reeves did not have an undisputed right to judgment as a matter of law on Count I of the Petition.[5] We agree.

---

**5.** We observe that Allstate's brief and its points relied on marginally comply with Rule 84.04; however, a dismissal based on briefing deficiencies is not the preferred result, and appellate courts have the discretion to consider a defective point if the deficiencies involved are not so serious as to impede review. *See Bolt v. Giordano*, 310 S.W.3d 237, 242 (Mo. App.2010). "A brief impedes disposition on

the merits if it fails to give notice to the other parties and to the appellate court of the basis for the claimed error." *Bolz v. Hatfield*, 41 S.W.3d 566, 571 (Mo.App.2001). When review is impeded, "a point must be disregarded, reviewed only for plain error, or the appeal with respect to that point dismissed." *Id.* Here, Reeves has notably answered all of Allstate's points relied on and, although not

In Count I of the Petition, Reeves maintained that the Policy insured him "against loss and damage to the 'residence premises' caused by tornado and other perils" and that his " 'residence premises' sustained loss and damage caused by a tornado" on April 2, 2006. Referencing the language of the Policy and its definitional provisions,[6] Reeves maintained he "sustained an insured loss and damage to growing trees, Pecan, Elm, and Oak." Reeves then asserted that while Allstate made "partial payment" for his loss, he alleged Allstate had "refused to make any payment for loss and damage to *growing* trees." Without specifically designating where in the Policy he was accorded coverage for damages to the growing trees, Reeves sought judgment against Allstate for $55,752.82 for the trees plus interest and costs.

On this count, Reeves has the burden of proving that his claim is within the coverage afforded by Allstate's policy. *M.A.B. v. Nicely*, 911 S.W.2d 313, 315 (Mo.App.1995). Carrying this burden necessarily requires proof of the nature and extent of his claim such that a determination can be made that the claim comes within the coverage provided by the policy. This burden, in the context of his motion for summary judgment as a claimant, required Reeves to identify *all* material facts upon which he relied to prove the nature and extent of his claim and to demonstrate that "there is no genuine dispute about those material facts." *ITT Comm. Fin. Corp.*, 854 S.W.2d at 380–81. Reeves's Statement of Uncontroverted Material Facts does not include *any* facts demonstrating the nature and extent of his claim.

While Reeves, in his Statement of Uncontroverted Material Facts, states that the " 'residence premises' sustained loss and damage caused by a tornado," nowhere in his statement does he state as a fact that this loss and damage included trees, growing or otherwise. Moreover, his factual statement that Allstate "denied coverage for loss of the trees" does *not* identify that trees were in fact lost, but rather only that Allstate denied coverage for Reeves's claim that trees were lost.

Even if, contrary to our standard of review requiring that we resolve inferences in favor of the non-moving party, we drew from this statement an inference favorable to Reeves that some trees were in fact lost, there are, nevertheless, no facts stated as to the number, kind, size or value of such trees or the location of the trees upon the "residence premises."[7] Were

easy, this Court has also been able to decipher Allstate's poorly constructed points relied on. Accordingly, we gratuitously review Points 3, 4, and 5, which relate to Count I of Reeves's claim in the Petition that he was damaged by his loss of nine "growing" trees. Likewise, we gratuitously review Point 7, as this point relates to Reeves's claim under Count III of the Petition for damages to his "dwelling and other structures." As our consideration of those points and points 8 and 9 is dispositive of the appeal, we need not address Allstate's other points.

6. Reeves cited to the section of the Policy entitled "Definitions Used In This Policy [,]" which defines "residence premises" as "the dwelling, other structures and land located at the address stated on the Policy declarations." He further set out that the same provision defines "property damage" as "physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction."

7. For the sake of argument, we step outside our stated standard of review solely to point out Reeves's lack of factual support for his motion for summary judgment on Count I of the Petition. In doing so, it is not our intent to impinge in any manner upon the validity of the well-established rule that the nonmoving party is accorded the benefit of all inferences which may reasonably be drawn from the record. *ITT Comm. Fin. Corp.*, 854 S.W.2d at 376. In fact, this scenario points out the

the trees gnarly hedge-apple trees located on the far reaches of the premises or were they stately elms, pecans, or oaks that had been architecturally and structurally incorporated into a building structure on the premises ? Without a factual basis to answer these questions, or to support one of an infinite number of other possible scenarios, any attempt by either the trial court or this Court to apply the policy provisions to determine coverage would be based upon conjecture and speculation, not upon uncontroverted facts. Thus, the trial court's entry of summary judgment as a matter of law on Count I of the Petition in Reeves's favor, finding policy coverage for loss of trees in the amount of $55,752.82, was in error.

In the absence of any uncontroverted factual foundation supporting the nature and extent of his claim, Reeves failed to establish his undisputed right to judgment as a matter of law on Count I of the Petition. Allstate's points 3, 4, and 5 are granted.

We now turn to Allstate's seventh point relied on. It appears that Allstate's complaint centers on the trial court's grant of Reeves's motion for summary judgment as to Count III of the Petition and its award to Reeves of $18,613.33, in addition to the $25,605.89 ($30,930.74 minus depreciation and a deductible) that Allstate had already paid Reeves to repair his property. In particular, as best as we can construct the meaning of Allstate's point under review,

Allstate maintains the trial court erred in finding Reeves should recover a total of $44,319.22 ($25,605.89 plus $18,613.33) based on Denton's estimated repair quote, because "there was no basis or foundation for such a finding." We agree.

In Count III of the Petition, Reeves alleged that Allstate had made partial payment of $25,605.89 for the loss and damage to his dwelling and other structures located on his residence premises due to the tornado but had refused to make full payment for such loss. Reeves prayed for judgment against Allstate for an additional $18,613.33.

On this count, as in Count I, Reeves had the burden of proving that his claim is within the coverage afforded by Allstate's policy. *M.A.B.*, 911 S.W.2d at 315. Thus, in order to show his undisputed right to judgment as a matter of law on this count, as sought by his motion for summary judgment, Reeves was required in his Statement of Uncontroverted Material Facts to state the fact that the total amount of the damages for his loss was $44,319.22 and demonstrate that there was no genuine dispute about that material fact. *ITT Comm. Fin. Corp.*, 854 S.W.2d at 380–81. While we question whether Reeves's statement that Denton "prepared a second report that [Reeves's] actual loss was $44,319.22" satisfies this requirement, we need not address that issue because, even assuming that it did, Allstate properly

---

wisdom of that rule. Allstate was required by Rule 74.04(c)(2) to file a response to Reeves's Statement of Uncontroverted Material Facts that "shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements." Rule 74.04(c)(2). Reeves's statement that Allstate "denied coverage for loss of the trees[,]" coupled with Allstate's admission that the denial occurred, gives rise to two reasonable inferences—the denial was because trees were not lost or the

denial was because the lost trees were not covered by Allstate's policy. Allstate should be able to simply admit that it denied coverage for the loss of the trees as stated without concern that it had to also admit or deny all possible reasonable inferences that could be drawn from the statement. Reeves had the ability to avoid reliance upon any inference by simply setting forth in a separately numbered paragraph in his Statement of Uncontroverted Material Facts that "trees were uprooted and lost" or some similar statement.

demonstrated that the amount of Reeves's actual loss was genuinely at issue.

As required by Rule 74.04(c)(2), Allstate filed its response to Reeves's Statement of Uncontroverted Material Facts denying this statement of fact and, as also required by that rule, supported its denial with specific reference to Denton's affidavit. In that affidavit, Denton stated, in part:

7. The comparison estimate was prepared based on standard rates, and did not reflect the prices that had already been paid on the repairs and estimates for repair work.

8. Much of the work had previously been performed by a handyman, whose prices were lower than my estimated prices and did not incur overhead and profit charges.

9. The total repair estimate for the claim filed by [Reeves] taking into account amounts that were actually paid for the repairs was $30,930.74.

In considering summary judgment, "it is not the 'truth' of the facts upon which the court focuses, but whether those facts are disputed." *ITT Comm. Fin. Corp.*, 854 S.W.2d at 382. "For purposes of Rule 74.04, a 'genuine issue' exists where the record contains competent materials that evidence two plausible, but contradictory, accounts of the essential facts." *Id.* Denton states that his comparison estimate does not reflect Reeves's actual cost to repair his damage and that the amount Allstate previously paid Reeves accurately reflected that amount. Thus, Denton's affidavit, whether true or not, demonstrates the existence of a genuine issue as to the amount of Reeves's actual damages and supports Allstate's denial of Reeves's statement of fact that Denton's comparative estimate establishes his actual loss was $44,319.22. The existence of this genuine issue as to one of Reeves's material facts defeats Reeves's undisputed right to judgment as a matter of law on Count III, *see id.*, and the trial court erred in entering summary judgment in Reeves's favor for $18,613.33 on that count. Allstate's seventh point is granted.

Finally, we consider Allstate's ninth and tenth points in which it claims that the trial court erred in denying its Motion for Summary Judgment. Allstate acknowledges that, generally, an order denying a motion for summary judgment is not a final judgment and therefore is not reviewable on appeal. *Fischer v. City of Washington*, 55 S.W.3d 372, 381 (Mo.App. 2001). It asserts that, nevertheless, its motion for summary judgment fits in the exception to the general rule that where the merits of the denied motion for summary judgment are intertwined with the propriety of an appealable order granting summary judgment to another party, the denial of a motion for summary judgment may be reviewed on appeal. *Id.* Allstate argues that this exception is satisfied here because the parties' cross motions for summary judgment "involved the same facts and exhibits." We disagree.

Ironically, just as Reeves's Statement of Uncontroverted Material Facts in support of his motion for summary judgment is devoid of any facts as to the nature and extent of his claim, as discussed *supra*, Allstate's Uncontroverted Material Facts in support of its motion for summary judgment is likewise deficient. Allstate's only statement of fact in this regard is that Reeves "filed a claim for tornado damage to his residence located ... [in] Caruthersville, MO." Not surprisingly, Reeves admitted this statement. While it is possible that outside of the summary judgment record the parties have no genuine issue as to the nature and extent of Reeves's claim, neither parties' statement of uncontroverted material facts addresses that issue, much less establishes it.

In the absence of any uncontroverted factual basis to support Allstate's assertion that the parties' motions for summary judgment "involved the same facts," we cannot say that the denial of Allstate's motion for summary judgment is intertwined with the trial court's grant of Reeves's motion for summary judgment. Thus, because Allstate has failed to demonstrate that the denial of its motion for summary judgment meets the exception to the general rule denying appellate review, *see Fischer*, 55 S.W.3d at 381, we apply that general rule and deny Allstate's points 9 and 10.

### *Decision*

The trial court's judgment in favor of Reeves and against Allstate on Counts I and III of the Petition is reversed, and the case is remanded to the trial court for further proceedings.

All concur.