#### NAPUS FEDERAL CREDIT UNION, Respondent,

v.

**Dave CAMPBELL, Appellant.**

#### No. SD 31012.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 24, 2012.

---

1. The Guardian ad Litem's motion to dismiss the appeal of D.S. is denied.

Dave Campbell, Sullivan, pro se.

No brief filed for respondent.

ROBERT S. BARNEY, Judge.

Dave Campbell ("Appellant") appeals the "JUDGMENT" of the trial court entered in favor of NAPUS Federal Credit Union ("Respondent") on Respondent's motion for summary judgment. Appellant, who appears in this matter *pro se* as he did in the trial court below, presents six points relied on.[1]

As best we discern the record, in February of 2006 Respondent and Appellant entered into a loan agreement under which a certain amount of money was advanced to Appellant and Appellant promised to make payments on the outstanding balance owed. On February 1, 2010, Respondent filed its "FIRST AMENDED PETITION" wherein it alleged a claim for breach of contract against Appellant for failing to make payments on the loan agreement, a claim for "Money Had and Received" for appreciating the benefits of Respondent's money without repaying the sums owed, and a claim for unjust enrichment. Appellant responded to this amended petition by denying all of the claims set out by Respondent and asserting the affirmative defense of "[l]ack of capacity to sue." Appellant filed a "RE[S]PONSE TO [RESPONDENT'S] AMENDED PETITION" on March 22, 2010, in which he asserted a single affirmative defense. With leave of court, Appellant then filed a "FURTHER REPLY & COUNTERCLAIM" on May 14, 2010, in which he asserted affirmative defenses of "[p]rotection from the [Truth in Lending Act ("TILA")];" "[r]ule of [r]escision;" "[p]rotection from the Fair Debt Collection Practices Act;" and violation of the Fair Debt Collection Practices Act. He also asserted counterclaims involving the filing of a "[t]ortious [l]awsuit;" violations of TILA; defamation; "[b]reach of [p]eace;" "[p]ublic [d]isclosure of [p]rivate

---

1. Respondent did not file a brief in this mat-ter nor was it required to do so.

[f]acts;" "[i]ntrusion [u]pon [s]eclusion;" "[r]ntentional [i]nfliction [o]f [e]motional [d]istress;" [f]alse [l]ight [i]nvasion [o]f [p]rivacy;" "[m]isrepresentation/[f]raud & [c]ollusion;" and "[c]ivil [c]onspiracy."

The state trial court docket sheet sets out that on July 8, 2010, Appellant filed a notice of removal of the lawsuit to federal court.[2] The following day, on July 9, 2010, Respondent filed its Motion for Summary Judgment, its memorandum in Support of Motion for Summary Judgment and its Statement of Undisputed Material Fact with the state trial court. On October 14, 2010, the trial court held a hearing on and at the close of the hearing the matters at issue were taken under advisement by the trial court. On November 10, 2010, another hearing was held at which the trial court granted Respondent's motions for summary judgment together with sanctions and denied all other motions. This appeal by Appellant followed.

It has long been the rule that summary judgment can only be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); *Hitchcock v. New Prime, Inc.*, 202 S.W.3d 697, 699 (Mo.App.2006). Appellate review of the denial of a motion for summary judgment is de novo. *Wilson v. Rhodes*, 258 S.W.3d 873, 875 (Mo.App.2008). Appellate review is based upon the record submitted to the trial court. *Sexton v. Omaha Prop. and Cos. Ins. Co.*, 231 S.W.3d 844, 845 (Mo. App.2007). That record is viewed in the light most favorable to the party against whom judgment was entered, and the non-moving party is accorded the benefit of all inferences which may reasonably be drawn from the record. *ITT Comm. Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). In that summary judgment is " 'an extreme and drastic remedy ...,' " we exercise great caution in affirming it because the procedure cuts off the opposing party's day in court. *Id.* at 377 (quoting *Cooper v. Finke*, 376 S.W.2d 225, 229 (Mo.1964)). "A movant's right to judgment as a matter of law differs significantly depending upon whether that movant is a 'claimant' or a 'defending party.' " *ITT*, 854 S.W.2d at 381. " A 'claimant' is one who seeks 'to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment.' " *Ameristar Jet Charter, Inc. v. Dodson Int'l. Parts, Inc.*, 155 S.W.3d 50, 58 (Mo. banc 2005) (quoting Rule 74.04(a)). "A 'claimant' must establish that there is no genuine dispute as to those material facts upon which the 'claimant' would have had the burden of persuasion at trial." *ITT*, 854 S.W.2d at 381. Respondent is the claimant in the present matter.

Further, where the non-movant has properly pled an affirmative defense, the movant's right to summary judgment depends just as much on the non-viability of that affirmative defense as it does on the viability of the movant's own claims. *Id.* "A claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law." *Rustco Products Co. v. Food Corn, Inc.*, 925 S.W.2d 917, 924 (Mo.App.1996). The claimant is required to "show, beyond any genuine dispute, the nonexistence of some fact essential to the affirmative defense put forward by the non-moving party or that the defense is legally insufficient."

---

**2.** A copy of this document does not appear in the legal file. It is Appellant's duty to prepare the legal file in this matter and to provide this Court with all of the documentation necessary to determine all issues. Rule 81.12.

All rule references are to Missouri Court Rules (2011).

*ITT*, 854 S.W.2d at 383. It does not matter that the non-movant will bear the burden on this issue at trial:

> a claimant moving for summary judgment in the face of an affirmative defense must also establish that the affirmative defense fails as a matter of law. Unlike the burden of establishing all of the facts necessary to his claim, however, the claimant may defeat an affirmative defense by establishing that any one of the facts necessary to support the defense is absent. At this stage of the proceeding, the analysis centers on Rule 74.04(c); it is irrelevant what the non-movant has or has not said or done.

*Id.* "Summary judgment permits the 'claimant' to avoid trial; in order to do so, the claimant must meet the burden imposed by Rule 74.04(c) by showing a right to judgment as a matter of law." *Id.*

 Here, there are genuine issues of material facts relating to the affirmative defenses and counterclaims set out in Appellant's pleadings. While Respondent's summary judgment motion clearly discussed the three claims that it was asserting in its amended petition, it did not address any of the four affirmative defenses set out by Appellant nor did it address the nine counterclaims espoused by Appellant. For example, Appellant's "FURTHER REPLY & COUNTERCLAIM" clearly set forth as an affirmative defense the assertion that Respondent violated the TILA. In support of that declaration Appellant stated that "[a f]inal [TILA] [d]isclosure was not provided to [Appellant] for the loan subject to this litigation;" [a] final settlement statement was not provided to [Appellant] for the loan subject to this litigation;" and "[a] [r]ight to [c]ancel [n]otice was not provided to [Appellant] for the loan subject to this litigation." This affirmative defense and the facts set out in support of it was not discussed in Respondent's motion for summary judgment nor was it even mentioned by Respondents in that motion. *See Mobley v. Baker*, 72 S.W.3d 251, 257 (Mo.App.2002). As such, "[a] careful review of the record here reflects that it is totally devoid of any facts with respect to the affirmative defense[s] raised by [Appellant], which would allow this [C]ourt to decide, de novo, the validity of [Appellant's] affirmative defense[s]." *Rodgers v. Threlkeld*, 22 S.W.3d 706, 711–12 (Mo.App.1999).

> In the case of a trial, [Appellant] would suffer the burden of nonpersuasion on [his] affirmative defense[s] for an insufficient record. However, this case does not come to us by way of trial, but by way of summary judgment. As such, [Respondent], as movant[ ]/claimant[ ], w[as] required by Rule 74.04(c)(1) to allege facts sufficient to negate [Appellant's] affirmative defense[s], and thus, must suffer the burden of nonpersuasion on this issue where its resolution is not readily ascertainable from the record by the appellate court, without its functioning as an advocate for [Respondent].

*Id.* at 712 (internal citation omitted). Respondent was required to negate Appellant's stated affirmative defenses by proving there were no genuine issues of material fact such that it was entitled to a judgment as a matter of law. It failed to do so. Accordingly, as a matter of law, under our de novo standard of review, we must conclude the trial court erred in granting summary judgment to Respondent. This matter is reversed and remanded to the trial court.

BATES, SCOTT, JJ, CONCURS.